J-A17022-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: E.G., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: N.T., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 827 EDA 2022 |

Appeal from the Order Entered March 15, 2022
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s): CP-51-DP-0000699-2017

| | | |
|---|---|---|
| IN THE INTEREST OF: E.D.G., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: N.T., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 828 EDA 2022 |

Appeal from the Decree Entered March 15, 2022
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s): CP-51-AP-0000124-2022

BEFORE:   PANELLA, P.J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.:                **FILED SEPTEMBER 7, 2022**

Appellant N.T. (Father) appeals from the decree and order granting the petitions filed by the Philadelphia County Department of Human Services (DHS), involuntarily terminating his parental rights to his minor son, E.G.

_____

[*] Retired Senior Judge assigned to the Superior Court.

(Child), and changing Child's permanency goal to adoption.[1]  Father argues that the trial court erred in concluding that DHS presented clear and convincing evidence supporting the termination of his parental rights and in changing Child's permanency goal to adoption.  We remand for the trial court to file a supplemental Pa.R.A.P. 1925(a) opinion summarizing its findings of fact and conclusions of law.

Briefly, on March 20, 2017, DHS obtained an order of protective custody (OPC) for Child after receiving reports that Mother had abandoned him with his maternal grandmother and Father's whereabouts were unknown.  *See* N.T. Hr'g, 3/15/22, at 14-15.  On July 13, 2017, the trial court adjudicated Child dependent.  *See* Order of Adjudication, 7/13/17, at 1.

On February 25, 2022, DHS filed a goal change petition and a petition seeking the involuntary termination of Father's parental rights.  The trial court held a combined termination and goal change hearing on March 15, 2022.

At the conclusion of the testimony concerning Child, the trial court recited the procedural history of Child's case.  N.T., 3/15/22, at 49-51.  The trial court noted that Father had been released from prison but "did not visit consistently when able . . . . and [has] not progressed beyond supervised visits" and that the evidence reflected that "Father has never cared for the

_____

[1] On December 17, 2021, S.G. (Mother) signed the petition to voluntarily relinquish her parental rights to E.G.  The trial court accepted the petition on March 15, 2022.  Mother did not file a separate appeal and is not a party to the instant appeal.

child, nor has the child ever spent time with him outside of the supervised visits." *See id.* at 49. According to the trial court, Father failed to contact his case manager "other than one time, nor were cards, letters, presents, et cetera" sent to Child. *See id.* While the trial court commended Father's insight that he needed to make a change, "[Father had] been in and out of prison since the age of twelve." *See id.* at 49-50.

The trial court continued that "[Child's] been in care with the current foster parent since he was approximately 17 months [old,] and is bonded with her [and] calls her mom . . . . The testimony is clear that the child would not suffer irreparable harm if parental rights were terminated. In fact, [Child's case manager] testified the opposite, that he would suffer irreparable harm if he were to be removed from his current caretaker." *See id.* at 50. The trial court noted that Child had been in placement most of his life, and even when Father was not incarcerated, "I dare say there was less than minimal effort to try to alleviate the need for placement and make any progress for reunification." *See id.* The trial court stated that "[C]hild needs permanency." *See id.* at 51.

The trial court concluded that termination of Father's parental rights was proper under 23 Pa.C.S. § 2511(a)(1), (2), (5), (8), and (b), and would be in Child's best interest but did not further elaborate on the requirements of those subsections or apply the facts to the requirements of the subsections. *See id.* at 51. The same day, the trial court entered a decree terminating Father's parental rights to Child and an order changing Child's goal to adoption.

Father simultaneously filed timely notices of appeal and a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) at each trial court docket number. In lieu of a Rule 1925(a) opinion, the trial court issued a notice of compliance with Rule 1925(a) in which it referred to sections from the notes of testimony where the court placed its reasoning for terminating Father's parental rights on the record. Trial Court's Notice of Compliance with Rule of Appellate Procedure 1925(a), 4/8/22, at 1-2.

Following our review of Father's Rule 1925 (b) statement, the parties' briefs, the transcript of the March 15, 2022, hearing, the trial court's statement in lieu of 1925(a) opinion, and other pertinent materials in the record, we are constrained to direct the trial court to file a supplemental opinion. Although the trial court's statements in the hearing transcript reflect some of its reasoning, it is not responsive to Father's claims of error on appeal and is inadequate for this Court to conduct the meaningful appellate review of this matter. Accordingly, we direct the trial court to state its findings of fact and conclusions of law that support its rulings concerning the goal change to adoption under 42 Pa.C.S. § 6351 and the termination of Father's parental rights under Section 2511(a)(1), (2), (5), and/or (8), as well as 2511(b) in response to Father's claims of error in this appeal.

We emphasize that our standards of review require deference to the trial court's findings of fact and credibility determinations. *See In re Adoption of S.P.*, 47 A.3d 817, 826-27 (Pa. 2012). However, a meaningful application of these standards requires more detailed findings of fact and conclusions of

law from the trial court, which were simply not provided at the hearing or on the record. While the trial court made some observations regarding the facts, it did not discuss the requirements of each subsection of the Adoption Act, nor did it apply the facts of the case to each subsection of the Adoption Act.

For these reasons, we remand these consolidated appeals and direct the trial court to file a supplemental opinion pursuant to Pa.R.A.P. 1925 and 42 Pa.C.S. § 706, in response to Father's claims of error raised in his Rule 1925(b) statement including his claims concerning the circumstances of his inability to communicate with CUA caseworkers while incarcerated, and that granting the goal change to adoption was improper because Father is being released from incarceration in the near future.

The trial court is directed to file its supplemental opinion within thirty days of this decision. No further extensions of time will be granted.

Cases remanded. Panel jurisdiction retained.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/07/2022